MATTER OF MUNGUIA

In Section 248 Proceedings

A-21155436

·Decided by Regional Commissioner June 21, 1976

An application filed under section 248 of the Immigration and Nationality Act to change nonimmigrant status from that of a visitor for pleasure to that of a student as defined in section 101(a)(15)(F)(i) of the Act is denied in the case of a 14-year-old alien who seeks such change in order to enroll in a course of cosmetology in the State of Louisiana because the laws of that state require that a person must be at least 15 years and 3 months of age at the time of entry into a licensed school of cosmetology.

ON BEHALF OF APPLICANT: Eugene Barriffe, Jr. ·
Attorney at Law
1020 St. Andrew
New Orleans, Louisiana 70130

The applicant is a single, 14-year-old native and citizen of Honduras. She was admitted to the United States on March 15, 1976, as a visitor for pleasure, with authorized stay until April 14, 1976. Her application for change of nonimmigrant status was filed on April 7, 1976. Attached, was a Certificate of Eligibility, Form I-20, reflecting enrollment in a one-year course of study in cosmetology in Louisiana. Also submitted was an affidavit of support from a resident alien cousin of applicant, and evidence that the cousin is employed as a cashier at $2.50 per hour.

The application was denied by the district director on grounds that the Louisiana State Board of Cosmetology prohibits the enrollment of cosmetology students who are less than 15 years and 3 months of age; that the application was an attempt to prolong the stay of applicant in the United States; and that insufficient evidence of financial support had been submitted.

On appeal, Counsel for applicant submitted a statement from applicant's mother, in which the care and custody of applicant while in the United States was given to the husband of applicant's cousin. Also submitted was a further affidavit of support from the present guardian of applicant guaranteeing her financial support, and reflecting he has an annual income of $9,000.00. The affidavit also reflects the affiant has a spouse and two minor children, ages 3½ and 1 year, dependent upon him for support.

Section 248 of the Immigration and Nationality Act, reads, in part:

698

"The Attorney General *may*, under such conditions as he may prescribe, authorize a change from any nonimmigrant classification to any other nonimmigrant classification. . ." (Emphasis supplied.)

The proceedings, including the material submitted on appeal have been carefully reviewed. Although new assurances of financial support were submitted, the sponsor does not have three other persons dependent upon him for support. Further, the record reflects that the fee of fifty dollars for filing the appeal was paid by the use of two checks, one of which was from a legal assistance group, a service for indigent persons. Failing a satisfactory explanation of why a social service for indigent persons paid a part of the required fee, it must be assumed that the affidavits of support cannot be taken at face value, and that ground of denial must stand.

The charge that the filing of this application was a device to prolong the stay of applicant is without foundation, and it must be discounted as a supposition.

Finally, the remaining question to be resolved is whether or not the age requirements of the Louisiana State Board of Cosmetology are an issue here. The prohibition of the Board is based upon Part B, Section 37502, of the Cosmetology Act of the State of Louisiana, which states in part, that a person must be at least 15 years and 3 months of age at the time of entry into a licensed school of cosmetology. This requirement is based upon Part A of the same Section, which requires a person to be at least 16 years of age to be eligible for licensing examination. The Occupational Outlook Handbook of the United States Department of Labor reflects that cosmetologists shampoo, cut, set, straighten, bleach and tint hair. They also may give manicures and scalp and facial treatments. Since some of the functions performed by a cosmetologist could cause long-term harm to a patron if not intelligently and properly performed, safeguards for the patron in the form of restrictive measures, were incorporated into the Cosmetology Act and they should be upheld. Further, this Service does not condone any violation of Federal, State, or Municipal ordinance by an alien in the United States, and to approve the application would in effect do just that. I must conclude that the decision of the district director was correct and proper, and that decision will be affirmed.

ORDER: It is ordered that the decision of the district director is affirmed and the appeal is dismissed herewith.